## BAKER vs. SPANGLER & CRYDER.

TUSCARAWAS.
December 1817

Baker
v.
Spangler and
Cryder.

The plea of *non est factum* without affidavit, dispenses with proof of, and consequently admits, the execution of the deed.

The defendant cannot, under a notice of special matter, give in evidence what would be proper to support the issue on his part on *non est factum*.

Nor can the defendant, by pleading double, draw in question the due execution of a deed, to an action on which, he has pleaded *non est factum* without an affidavit.

DEBT, on bond.

PLEA—*Non est factum,* without affidavit—and notice that the defendant would give in evidence, that the bond was signed and sealed by the defendants, and given to A. B. with instructions to A. B. to deliver it to the plaintiff if the plaintiff delivered to A. B. the money, for the loan of which the bond was executed, and with express orders to A. B. to retain the bond if the plaintiff did not send the defendant the money—that A. B. presented the bond to the plaintiff and asked him for the money; that the plaintiff refused to send the money; that A. B. then deposited the bond with C. D. with like orders concerning it; and that the plaintiff has never given any consideration for the bond.

WRIGHT, for the plaintiff, objected to any evidence being given under the notice.

DOWNER and CULBERTSON, for the defendant.

PRESIDENT.—The first question which presents itself is, what is the effect of the plea of *non est factum,* put in without an affidavit? The "act dispensing with proof in certain cases," enacts, "that upon plea of *non est factum* offered by the person charged as the obligor or granter of a deed, it shall not be necessary for the plaintiff to prove the execution of the deed upon which such suit is brought, unless the party offering such plea shall make affidavit of the truth thereof."—The defendants are charged as the obligors in this bond; and it has been read in evidence, under the provision of this statute, without proof of the execution of it by the defendants. The execution of the bond, then, is admitted; for when the law leaves it to the defendant's choice to require

proof, or to dispense with it, and he dispenses with proof, he admits it in evidence as proven.

The execution of a bond includes the delivery of it, for it takes effect only from the delivery; and if the bond has not been delivered by the defendants to the plaintiff, it is not their act and deed: so that were it not for this statute, delivery as an escrow might be given in evidence under this plea. Com Dig. Pleader, 2 W 18.

The statute makes it " lawful for the defendant, in any action, to plead the general issue and give any special matter in evidence;" which, if pleaded, would be a bar to such action, " giving notice, with the same plea, of the matter or matters so intended to be given in evidence." The question, then, is, could the matter set up in this notice, be pleaded in bar to the action ? For if it could not, the notice is a mere nullity; and it must be very clear that it would be improper to hear any evidence under it. It is considered by the counsel, under a two fold aspect, as amounting to a plea that the plaintiff obtained the bond by fraudulent means, and that it was given without consideration. It is a sufficient answer to the first, that the notice does not charge the plaintiff with any fraud in obtaining the bond. If fraud could be pleaded as a defence, which is at least doubtful, it being without consideration, is no defence at law. The only point of view in which this notice can be considered as containing matter which, if pleaded, would be a bar to the action, is to take it as a special *non est factum*, on the ground that the bond was delivered to a third person as an escrow. This might be given in evidence under the general issue, 4 Esp. N. P. Rep. 255, or it might be pleaded specially. But if we have put a correct construction on the statute, that the putting in the plea of *non est factum* without affidavit, admits the delivery of the bond, it would be evading the statute to permit a party to give evidence under a notice or special plea, which, by his own admission, he cannot do under the general issue : and which, without such admission, would be proper under that issue.

Verdict for the plaintiff.